UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE HANNAFORD BROS. CO. ]<br>    CUSTOMER DATA SECURITY ]<br>    BREACH LITIGATION ] | MDL DOCKET NO. 2:08-MD-1954-DBH |

**PRACTICE AND PROCEDURE ORDER UPON TRANSFER
PURSUANT TO 28 U.S.C. § 1407(a)**

1. This order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to their order of June 9, 2008, as well as all related actions originally filed in this court or transferred or removed to this Court. These actions are listed in *Schedule A,* attached hereto. This order shall also govern the practice and procedure in any tag-along actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 12 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer order and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

2. The actions described in paragraph 1 of this order are consolidated for pretrial purposes.

3. Any pleading or paper shall be filed electronically; no copies will be necessary. All papers filed in these actions shall bear the identification "MDL Docket No. 2:08-md-1954," and when such paper related to all these actions, the MDL docket number shall be followed only by the notation "ALL CASES." If such paper does not relate to all of these actions, the individual docket numbers assigned by the Clerk of Court (as listed in *Schedule A,* attached hereto) of those actions to which the paper relates shall also be listed.

4. Any paper which is to be filed in any of these actions shall be filed with the Clerk of this Court and not with the transferor district court.

5. Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court.

6. Prior to the initial pretrial conference, service of all papers shall be made on ECF. Any lawyer who wishes to have his or her name added to or deleted

from the Attorney Service List may do so upon ECF request to the Clerk of this Court.

7. No parties to any of these actions shall be required to obtain local counsel in this District and the requirements of Rule 83.1(c)(1) of the Rules of this Court are waived as to any lawyer appearing in these actions who is duly admitted to practice before any United States court.

8. Hearings shall not be held on any motions filed except by order of court upon such notice as the Court may direct.

9. Any paper filed in any of these actions which is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

10. Any orders, including protective orders entered by any transferor district court, shall remain in full force and effect unless modified by this Court upon application.

11. All discovery proceedings in these actions are **STAYED** until further order of this Court, and the time requirements to perform any acts or file any papers pursuant to Fed. R. Civ. P. 26 through 37 are tolled until the initial pretrial conference at which time a discovery schedule will be established.

12. The court will be guided by the Manual for Complex Litigation, *Fourth* approved by the Judicial Conference of the United States and counsel are directed to familiarize themselves with that publication.

13. The Court will also be guided by the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Counsel's attention is specifically directed to Rule 5.3, like Fed. R. Civ. P. 7.1, which requires the filing of a corporate disclosure statement. A copy of this statement shall be filed with this Court by **Monday, June 23, 2008**.

14. Counsel should familiarize themselves the Local Rules of this Court which may be viewed at http://www.med.uscourts.gov. At this website you will also find opinions filed in MDL cases (http://www.med.uscourts.gov/Site/opinions/hornby), and miscellaneous information regarding MDL under Operations and Filings.

15. Counsel should visit our website at www.med.uscourts.gov to view (a) the Administrative Procedures Governing the Filing and Service by Electronic Means, (b) the User Manual and (c) information regarding on-line training.

       You may also download the ECF registration form. Completed ECF registration forms may be emailed to newcases.portland@med.uscourts.gov for processing.

16. The case managers responsible for this litigation are Melody Whitten (207.780.3356 ext. 2211) and Lois Downs (207.780.3356 ext. 2213) to whom all inquiries shall be made. The mailing address of the Court is: **U.S. District Court, 156 Federal Street, Portland, ME 04101**. Any requests for copies shall be directed to Bob Allen at bob@med.uscourts.gov or 207.780.3356 ext 200.

17. All other matters will be discussed at the initial pretrial conference to be held on Thursday, July 10, 2008, at 9:00 a.m. By Thursday, July 3, 2008, counsel shall furnish suggestions for items to be included on the agenda for this conference.

**SO ORDERED.**

**DATED THIS 11TH DAY OF JUNE, 2008**

                                               /s/D. Brock Hornby
                                               **D. BROCK HORNBY**
                                               **UNITED STATES DISTRICT JUDGE**

*SCHEDULE A*

Middle District of Florida
Jerzy Dobryniewski v. Delhaize America, Inc., et al., C.A. No. 2:08-235 (District of Maine Case No. 2:08-cv-187)
David Hurd v. Delhaize America, Inc., et al., C.A. No. 2:08-261(District of Maine Case No. 2:08-cv-188)
Jackie Zumba v. Hannaford Bros. Co. et al., C.A. No. 8:08-565 (District of Maine Case No. 2:08-cv-189)

District of Maine
Melinda J. Ryan, et al. v. Delhaize America, Inc., et al., C.A. No. 1:08-86
Greg Doherty v. Hannaford Bros. Co., C.A. No. 2:08-89
Kathleen Wheeler v. Hannaford Bros. Co., C.A. No. 2:08-91
Brian Bradbury v. Delhaize America, Inc., et al., C.A. No. 2:08-93
Sam Micalizzi v. Delhaize America, Inc., et al., C.A. No. 2:08-94
Leonard Assner, et al. v. Hannaford Bros. Co., et al., C.A. No. 2:08-95
Marjorie Fischer, et al. v. Hannaford Bros. Co., C.A. No. 2:08-98
Christine Tushin v. Hannaford Bros. Co., C.A. No. 2:08-103
U. Nekol Pyle v. Hannaford Bros. Co., C.A. No. 2:08-104
Christopher L. Grittani v. Hannaford Bros. Co., et al., C.A. No. 2:08-110
Gail Wyman v. Hannaford Bros. Co., et al., C.A. No. 2:08-111
Steve Termine v. Hannaford Bros. Co., et al., C.A. No. 2:08-112

District of New Hampshire
Arline Nenni, et al. v. Hannaford Bros. Co., C.A. No. 1:08-106 (District of Maine Case No. 2:08-cv-190)

Northern District of New York
Todd Stevens v. Hannaford Bros. Co., et al., C.A. No. 1:08-341 (District of Maine Case No. 2:08-cv-191)