IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MEADE, on behalf of himself and all others similarly situated,<br><br>           Plaintiffs,<br><br>v.<br><br>HANNAFORD BROS., CO.,<br><br>           Defendant. | Case No.  08 CV 3555 |

## MOTION FOR CLASS CERTIFICATION

NOW COMES the Plaintiff, JOHN MEADE, on behalf of himself and all others similarly situated, by and through his attorneys, THE LAW OFFICES OF THOMAS M. MULLANEY and LARRY D. DRURY, LTD., and respectfully moves pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure that this Court enter an order certifying and determining that this action may properly be maintained as a class action.

In support of this motion, the Plaintiff states that the Class on behalf of which this action is sought to be maintained may be defined as follows:

Definition of the Plaintiff Class

Any and all persons or entities in Maine, Massachusetts, New Hampshire, New York, Vermont and Florida who entered into credit or debit card transactions at one of Hannaford's stores, or one of its independent stores, and whose credit and/or debit card information, including expiration dates, was transmitted by Hannaford through its computer systems during the time period that Hannaford's security was compromised  The Class does not include Defendants, or their officers, directors, agents or employees.

      1.      Common questions of law or fact include, in part:

      (A)      Whether Hannaford was negligent in collection and transmitting financial information of its customers;

(B) Whether Hannaford took reasonable measures to safeguard the financial information of its customers;

(C) Whether Hannaford owed a duty to Plaintiff and/or the Class to protect the financial information of its customers;

(D) Whether Hannaford breached its duty to exercise reasonable care transmitting its customers' financial information by collecting that information through its POS systems;

(E) Whether Hannaford breached its duty of reasonable care to protect the financial information of its customers by failing to comply with PCI standards;

(F) Whether Hannaford breached a duty by failing to keep Plaintiff's, and Class members' financial information secure;

(G) Whether Hannaford breached a duty by failing to timely inform Plaintiff and Class members that their financial information had been compromised;

(H) Whether Hannaford was negligent in failing to keep Plaintiff's and Class members' financial information secure; and

(I) Whether Plaintiff and members of the Class have sustained damages, and if so, what is the proper measure of those damages.

2. The claims and acts of the representative party are typical of the claims of the class. The representative Plaintiff was a person whose credit and/or debit card information, including expiration dates, was transmitted by Hannaford through its computer systems during the time period that Hannaford's security was compromised.

3. Plaintiff further states that the questions of law or fact with respect to their credit and/or debit card information, including expiration dates, being transmitted by Hannaford through its computer systems during the time period that Hannaford's security was compromised, as alleged in the Class Action Complaint, are common to the members of the Plaintiff class and predominate over any questions of individual members.

4.  Class adjudication is superior to all other available methods for adjudication of this controversy, i.e., there are thousands of putative class members whose credit and/or debit card information, including expiration dates, was transmitted by Hannaford through its computer systems during the time period that Hannaford's security was compromised, and separate suits to litigate the legality of Defendant's acts and conduct would not be in the best interest of judicial economy and efficiency.

WHEREFORE, Plaintiff, JOHN MEADE, on behalf of himself and all others similarly situated, hereby respectfully requests that this Court enter an order certifying and determining that this action may properly be maintained as a class action, appointing Plaintiff as class representative, and appointing Thomas M. Mullaney of The Law Offices of Thomas M. Mullaney and Larry D. Drury of Larry D. Drury, Ltd., as class co-counsel.

Respectfully submitted,

JOHN MEADE, on behalf of himself and all others similarly situated,

By: _____
THOMAS M. MULLANEY

THE LAW OFFICES OF THOMAS M. MULLANEY
708 Third Avenue, Suite 2500
New York, NY 10017
(212) 223-0800

OF COUNSEL:

LARRY D. DRURY
LARRY D. DRURY, LTD.
205 West Randolph, Suite 1430
Chicago, IL 60606
(312) 346-7950
Atty. No. 0681024