# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE HANNAFORD BROS. CO. | ] | |
| CUSTOMER DATA SECURITY | ] | MDL DOCKET NO. 2:08-MD-1954 |
| BREACH LITIGATION | ] | |

## FURTHER PROCEDURAL ORDER, INCLUDING
## APPOINTMENT OF INTERIM LEAD COUNSEL
## AND PRELIMINARY SCHEDULING ORDER

This consolidated proceeding consists of twenty-five cases (the "Consolidated Actions"). The plaintiffs seek recovery against Hannaford Bros. Co.; Kash N' Karry Food Stores, Inc., doing business as Sweetbay Supermarkets and Sweetbay Liquors; and their parent corporation Delhaize America, Inc. (part of the Delhaize Group, a Belgian company). The claims arise out of the electronic theft of consumer debit card or credit card information relating to consumers shopping at retail grocery stores primarily in the states of Florida, Maine, Massachusetts, New Hampshire, New York, and Vermont. Sixteen of the cases originated in Maine. The MDL Panel transferred the other nine here for pretrial proceedings. Hannaford Bros. Co. has its headquarters here in Maine, Kash N' Karry Food Stores, Inc. is based in Florida, and Delhaize America, Inc., is based in North Carolina.

The plaintiffs want the matter to proceed as a class action. If ultimately I certify it as a class action (it is premature to know whether certification will occur), I will need to appoint class counsel in accordance with the standards of Fed. R. Civ. P. 23(g). There is no comparable requirement to appoint counsel

before a class is certified, and the Advisory Committee Notes recognize that ordinarily pre-certification work "is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23(g), advisory committee notes to 1998 Amendments; see also Federal Judicial Center, Manual for Complex Litigation 246–47 (4th ed. 2004). Accordingly, the Rule gives me authority, but does not require me, to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In this consolidated case, efficiency and effectiveness suggest the need for one leadership structure to lead the plaintiffs' approach prior to certification.

## A. APPOINTMENT OF INTERIM LEAD COUNSEL

Two groups of lawyers are competing here for the role of interim lead counsel. The so-called "Wheeler Group" has obtained the support of the lawyers representing nineteen of the cases. They propose a structure consisting of four interim co-lead counsel from Boston, Chicago, Miami and Philadelphia: Ben Barnow (Barnow and Associates, P.C. of Chicago, IL), Lance A. Harke (Harke & Clasby LLP of Miami, FL), Sherrie R. Savett (Berger & Montague, P.C. of Philadelphia, PA), and Thomas G. Shapiro (Shapiro Haber & Urmy LLP of Boston, MA). They also propose an Executive Committee of six additional attorneys from Florida, Maine, Pennsylvania, and Washington, DC. They bring to the table an impressive record of past successful involvement in class actions, including two involving data theft. The so-called "Anderson-

Grittani Group" has the support of the lawyers representing five cases.[1]  They propose a structure consisting of lawyers from two law firms from Portland and, in part, New York City, to serve as interim co-lead counsel (Murray, Plumb & Murray of Portland, ME along with Lewis Saul Associates of New York City, NY and Portland, ME).  Although they do not have previous experience with data theft cases, they do have substantial class action experience.  The Anderson-Grittani Group highlights its familiarity with Maine law, its experience litigating class actions in the District of Maine, its leaner and more economical structure than the Wheeler Group, and its proximity to both this Court and the expected central focus of discovery (the headquarters and data facilities of Hannaford Bros. Co.).

Obviously both groups of lawyers come highly skilled with excellent professional credentials.  Neither the size of the Wheeler Group's previous data theft class action settlements nor the Anderson-Grittani Group's emphasis that it will seek favorable legal rulings and avoid settlements that benefit lawyers more than the class has an important bearing on my decision.  After all, each case is different, and the decision to settle or press onward to legal resolution must take into account the particular circumstances.

What I do conclude is that, unlike other MDL proceedings I have conducted, this need not be a highly complex matter at this preliminary stage. Sixteen of the consolidated cases are Maine cases that involve Maine common

---

[1] One case, <u>Boland v. Delhaize America, Inc.</u> from the Middle District of Florida, has not expressed support for either proposed group of interim lead counsel and was not represented at the initial pretrial conference held July 21, 2008.

and statutory law.   The primary defendant is located in Maine and does business here.   (All the complaints focus on Hannaford Bros. Co. activities.) Maine law certainly will be critical to these proceedings.   So far as I can tell at this early stage, many relevant personnel and records are here (the latter is of limited significance in an electronic data case; I do not yet know about the importance of computer hardware or its location).   My decision here is about *interim* counsel: counsel who will preside over the articulation of a consolidated amended complaint; resist the promised motion to dismiss; and then if the matter survives in whole or in part, perform discovery and argue the motion for class certification.   Then, if I decide to certify one or more classes, I must determine who should be or continue to be class counsel, applying the standards of Rule 23(g).

In that context, considering the respective presentations, the factors in Rule 23(g)(1), and other related factors, I conclude that the Anderson-Grittani Group is best able to represent the interests of the putative class at this time.[2] Experience deriving from the other data theft cases is not critical at this stage before certification.   Involving fewer firms and having centralization in Maine should be not only sufficient, but should help avoid unnecessary legal fees and

---

[2] If I had decided to choose the Wheeler Group, I would first have ordered disclosure under Rule 23(g)(1)(C) of the circumstances, and any agreements, concerning Attorney Shapiro's shift from one competing leadership group to the other.   The Wheeler Group initially informed me that he had declined appointment to the Executive Committee of that group because he was not offered a position as proposed interim co-lead counsel.   See Wyman v. Hannaford Bros. Co., The Wheeler Group's Response in Opp'n to the Fischer Group's Mot. for Consol., Entry of Case Mgt. Order, and Appointment of Class Counsel, Docket No. 08-98, at 8 (Docket Item 17). Instead, he was initially put forward as one of three interim lead counsel in the Anderson-Grittani Group (then known as the Fischer Group).   By the time of the initial pretrial conference, Attorney Shapiro was part of the leadership structure as a proposed interim co-lead counsel of the Wheeler Group, with no explanation from either group for the shift.

administration.[3]   Perhaps a different or larger leadership structure will be appropriate if and when a class(es) is (are) certified and full discovery on the merits ensues.  It is premature to decide now.

Therefore, pending class certification, I now **APPOINT** as interim co-lead counsel:  Peter L. Murray of Murray, Plumb & Murray and Lewis J. Saul of Lewis Saul & Associates P.C. (collectively, "Interim Lead Counsel").  Interim Lead Counsel shall be responsible for the overall conduct of this MDL litigation on the plaintiffs' behalf until a class is certified and class counsel is appointed. Interim Lead Counsel shall:

(1)   Function as liaison counsel;

(2)   Supervise all proceedings on the plaintiffs' behalf;

(3)   Have sole authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs, unless that authority is expressly delegated to other counsel;

(4)   Negotiate and enter stipulations with defense counsel with respect to all matters in this litigation, including discovery, motion practice and settlement matters.  They shall meet and confer with defense counsel on informal merits and class discovery with the goal of rapidly and efficiently providing all parties with a more complete understanding of the matters at issue.  An agreement reached with Interim Lead Counsel shall be binding on all other plaintiffs' counsel in these Consolidated Actions;

---

[3] The Advisory Committee Notes state, "the court should be alert to the need for adequate staffing of the case, but also to the risk of overstaffing or an ungainly counsel structure."  Fed. R. Civ. P. 23, advisory committee notes to 1998 Amendments.

(5)     Have sole authority over the following matters on behalf of all plaintiffs:  (a) the initiation, response, scheduling, briefing and arguing of all motions;  (b) the scope, order and conduct of all discovery proceedings; (c) allocation of work assignments to other plaintiffs' counsel as they may deem appropriate; (d) designation of which attorneys may appear at hearings; (e) the timing and substance of any settlement negotiation with any defendant; and (f) other matters concerning the prosecution of the cases;

(6)     Sign all pleadings, motions, briefs, discovery requests or objections or notices on behalf of all plaintiffs and represent plaintiffs collectively before the Court, either personally or through counsel whom they designate;

(7)     Conduct an initial investigation of fact and law relating to liability and damages and conduct or coordinate informal discovery;

(8)     Prepare and file a consolidated amended complaint;

(9)     Prepare and file a motion for class certification and supporting memorandum;

(10)    Except as the Court's electronic case filing system provides service to everyone, forward any notices from the Court and report upon any communications to other plaintiffs' counsel as appropriate and effect service of papers on other counsel by: (a) overnight mail service; (b) fax; (c) hand delivery; or (d) electronic service;

(11)    Be responsible for coordinating the activities of plaintiffs and their counsel during pretrial proceedings, and monitor the activities of co-counsel to assure that schedules are met and unnecessary expenditure of time and expenses are avoided.  All plaintiffs' counsel shall keep contemporaneous time

and expense records and shall submit the records monthly to the Interim Lead Counsel, no later than the fifteenth of every month following the reporting month.   No attorney fee award shall be made for time and expenses unless reports are timely filed with the Interim Lead Counsel.   Similarly, no attorney fee award will be made for time or expenses not authorized by the Interim Lead Counsel or for time and expenses incurred in the review of briefs or other written material unless such review is necessary for the performance of substantive work in the litigation;

(12)    Seek the court's approval if a steering committee is required.

### B.  COMMUNICATION AMONG COUNSEL AND RETENTION OF RIGHTS

Cooperation by and among counsel is essential for the orderly and efficient resolution of this litigation.   The communication of information among plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and shall not be used against any plaintiff by any defendant, except as otherwise expressly provided by law.   Nothing contained in this Order shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or the attorney work product doctrine.

### C.  OTHER PROCEDURAL MATTERS

(1)    The parties shall meet and confer on the issue of document preservation and any preservation order by August 4, 2008.   In the meantime, no action is necessary on the motion for document preservation.

(2)    All the cases are deemed consolidated by virtue of my Practice and Procedure Order of June 11, 2008.

(3)     No action is necessary on the previously filed motions to certify.

(4)     Any motion for recusal shall be filed by August 20, 2008.

(5)     The plaintiffs shall file their consolidated amended complaint by September 12, 2008.   They may, but need not, file their motion for class certification at that time.   However, no response is due to an amended complaint or motion for class certification until I set a schedule for it.

(6)     The defendants shall file any motion to dismiss by October 10, 2008. Further filings on the motion shall be in accordance with the Local Rules.

(7)     A further conference will be held promptly upon judicial resolution of the motion to dismiss.   Any motion to certify a class is due within forty-five (45) days after resolution of the motion to dismiss, unless otherwise specified.

(8)     All discovery is **STAYED** except by prior permission of the court.   If counsel believe that certain initial disclosures should proceed, they should first consult under Rule 26(f), then consult with the Magistrate Judge if there is opposition to disclosure.

(9)     The pending cases are listed under this docket number.   The parties are aware of only one other case, a tagalong case, Grimsdale v. Kash N' Karry Food Stores, Inc., Docket No. 08-754 (M.D. Fla.), to which objection has been made to transfer.

### D.  APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

This Order shall apply to any new case that arises out of the subject matter of the Consolidated Actions and that is filed in this Court, or transferred to this Court, unless a party in such newly-filed or transferred action objects to

any provision of this Order within ten (10) days of its counsel being added to the electronic service list for this consolidated proceeding, or of the date upon which a copy of this Order is served on counsel for such party, whichever is earlier.  Such objection shall be made by filing an application for relief, and relief from this Order shall be granted only if the Court deems it appropriate to grant such application.

**SO ORDERED.**

**DATED THIS 25TH DAY OF JULY, 2008**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**