UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE HANNAFORD BROS. CO. CUSTOMER DATA SECURITY BREACH LITIGATION | ] ] ] |
| | ] MDL DOCKET NO. 2:08-MD-1954 |
| THOMAS T. GRIMSDALE III V. KASH N' KARRY D/B/A SWEETBAY SUPERMARKET AND SWEETBAY LIQUORS, CIVIL NO. 08-346-DBH (CONSOLIDATED INTO 08-MD-1954) | ] ] ] ] |

### DECISION AND ORDER ON THE PLAINTIFF GRIMSDALE'S MOTION TO REMAND

This case applies the Class Action Fairness Act ("CAFA")'s home state exception.

The plaintiff Thomas T. Grimsdale, III, filed this lawsuit in Florida state court on behalf of himself and approximately 1.6 million other Floridians against the defendant Kash N' Karry Food Stores d/b/a Sweetbay Supermarket and Sweetbay Liquors, a corporate citizen of both Florida and Delaware. Am. Class Action Compl. and Jury Demand (attached as Ex. A to Mot. to Remand (Docket Item 40)). The defendant removed the case to federal district court in Florida. The plaintiff filed a motion to remand. Thereafter, the Multidistrict Litigation Panel transferred the case to this District for inclusion in Docket No. 2:08-MD-1954, which involves similar claims against Kash N' Karry's sister corporation,

Hannaford Bros. Co. and Kash N' Karry's parent, Delhaize America, Inc.[1]  The plaintiff Grimdale's Motion to Remand (Docket Item No. 40) is **GRANTED**.

There may be some uncertainty under CAFA whether a corporate defendant with dual citizenship like Kash N' Karry (Delaware incorporation and Florida principal place of business) creates minimal diversity with a plaintiff who is a citizen of one of those states (here, Florida).  Compare Grupo Dataflex v. Atlas Global Group, L.P., 541 U.S. 567, 577 n.6 (2004) (in dicta acknowledging that it was "possible, though far from clear, that one can have opposing parties in a two-party case who are co-citizens, and yet have minimal Article III jurisdiction because of the multiple citizenship of one of the parties"); Fuller v. Home Depot Svs. LLC, 2007 WL 2345257 *3 (N. D. Ga. August 14, 2007) (minimal diversity existed where defendant was incorporated in Delaware and had its principal place of business in Georgia and members of proposed plaintiff class were all citizens of Georgia); McMorris v. The TJX Companies, Inc., 493 F. Supp.2d 158, 163-64 (D. Mass. 2007) (quoting Grupo Dataflex but deciding that minimal diversity existed on other grounds), with Smalls v. Advance America, 2008 WL 4177297 *5-6 (D.S.C. Sept. 5, 2008) (affirming recommended decision finding that defendant's dual citizenship in South Carolina and Delaware did not create minimal diversity under CAFA where proposed plaintiff class was made up of residents of South

---

[1] The parties in the MDL case have entered into a stipulation, which identifies Kash N' Karry/Sweetbay, Delhaize and a list of independent grocers as "Potential Defendants" in the case.  In addition, the stipulation provides: "Hannaford agrees that any judgment that could be entered in favor of Plaintiffs in this litigation against any of the Potential Defendants (were they parties Defendant to the litigation) arising out of the asserted data theft . . . may be entered against Hannaford" and, thereafter, the parties agreed "to assert all claims against any Potential Defendant solely against Hannaford."  Stipulation Regarding Party Defendants ¶¶ 3
*(continued next page)*

Carolina); Sundry v. Renewable Env. Solutions, L.L.C., 2007 WL 2994348 *3 (W.D. Mo. Oct. 10, 2007) (minimal diversity jurisdiction did not exist where defendants, who maintained dual citizenship in Missouri and Delaware, failed to demonstrate that there was a member of the class who was neither a citizen of Missouri nor a citizen of Delaware).

But this case qualifies for remand in any event under the home state exception to CAFA, 28 U.S.C. § 1332(d)(4)(B). It provides: "A district court shall decline to exercise jurisdiction . . . [over a class action in which] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The plaintiff has defined his proposed class to include *only* citizens of Florida. Am. Class Action Compl. ¶ 28. Therefore, more than two-thirds of the members of the proposed class (there is only one class proposed) are, by definition, citizens of Florida,[2] as is the defendant. The defendant and the lead counsel for other plaintiffs in these MDL proceedings are unhappy with this class definition. The defendant is certain that plenty of Florida noncitizens ("snow birds"—winter residents—and vacationers) do business at its stores in Florida, Def.'s Opp'n to Pl.'s Mot. to Remand at 10-11 (Docket Item No. 59), and the other plaintiffs believe that plaintiff Grimsdale should have named

---

and 5 (Docket Item No. 41). Thereafter, the class plaintiffs filed an Amended Complaint naming Hannaford as the only Defendant. Consolidated Class Action Complaint (Docket Item No. 42).
[2] Since the class by definition is limited to citizens of Florida, there is no need for evidence as to what percentage of the class is Florida citizenry.

3

other defendants, but the plaintiff is master of his pleadings.³  As framed, this case involves only Florida citizens asserting only Florida law causes of action, and no attempt to create a class extending beyond Florida's borders.  This is not the sort of case for which CAFA created federal jurisdiction.  I leave it to the Florida state courts to determine whether this is a properly framed class under Florida law.  (Perhaps it can proceed in the Florida courts upon remand only as an individual action; that decision is not up to me.)  Obviously if the class were to expand on remand, or if the parties were to change, the defendant would have another opportunity to remove the case to federal court.

Asserting that the defendant "unreasonably and improvidently" removed this case to federal court, the plaintiff asks that I award costs and attorney fees under 28 U.S.C. § 1447(c) and/or as sanctions pursuant to Rule 11.  Mot. to Remand at 10.  The defendant's removal argument and position are fairly supportable or, at a minimum, at least worthy of judicial consideration in an area where the interpretation of a new law may be said to be "less than clear."  In re Maine Asbestos Cases, 44 F. Supp.2d 368, 374 (D. Me. 1999).  Thus, an award of fees and costs is not appropriate.

Accordingly, the plaintiff's motion to remand is **GRANTED,** but fees and costs

---

³ There is one section of CAFA that encourages the court in some instances to prevent a plaintiff from circumventing federal jurisdiction (instructing the federal court to consider "whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction," 28 U.S.C. § 1332(d)(3)(C), but it does not apply to subsection (4), the provision applicable here.  I reject the defendant's argument that the plaintiff has pleaded two classes and that one class extends beyond Florida citizens.  Although there is some drafting carelessness, the complaint ultimately is clear that only Florida citizens are in the proposed class: "The Class specifically excludes . . . any
*(continued next page)*

are **DENIED.**  In addition, plaintiff Grimsdale's Application for Relief from Further Procedural Order is now **MOOT**.

**SO ORDERED.**

**DATED THIS 10TH DAY OF DECEMBER, 2008**

/s/D. Brock Hornby_____
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

persons and entities who are not citizens of the State of Florida." Am. Class Action Compl. ¶ 28 (Class Action Allegations).