UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re HANNAFORD BROTHERS COMPANY CUSTOMER DATA SECURITY BREACH LITIGATION, | MDL Docket No. 2:08-MD-1954-DBH |
| THOMAS R. GRIMSDALE, III,<br><br>        Plaintiff,<br><br>  v.<br><br>KASH N' KARRY FOOD STORES, INC. d/b/a SWEETBAY SUPERMARKET & SWEETBAY LIQUORES,<br><br>        Defendant | Civil No. 08-346-DBH (Consolidated into 08-MD-1954) |

**MOTION TO STAY REMAND ORDER PENDING APPEAL WITH
INCORPORATED MEMORANDUM OF LAW**

Defendant Kash N' Carry Food Stores, Inc. ("Defendant") moves to stay remand of this case to state court pending appeal. Grimsdale takes no position on this motion.

**INTRODUCTION**

Under a provision of CAFA drafted specifically to allow appeals of remand orders, Defendant will file, on December 19, 2008, a petition for leave to appeal this Court's order of December 10, 2008, remanding the *Grimsdale* action to Florida state court. *See* 28 U.S.C. § 1453(c)(1). That petition will be fully briefed and ready for decision by the First Circuit no later than January 2, 2009. *See* F.R.A.P. 5(b)(2). If the First Circuit grants leave to appeal, it generally must issue a decision on the merits within 60 days of granting leave. *See* 28 U.S.C. § 1453(c)(2). In no event may the First Circuit

{W1235719.3}

go beyond 70 days without making a decision, absent agreement of the parties. *See id.* § 1453(c)(3). In the meantime, this Court must decide whether to stay the action pending the outcome of the petition or to remand immediately without waiting to see whether the First Circuit agrees with this Court's resolution of this issue of first impression. For two related reasons, this Court should grant a stay.

First, there is no harm to Grimsdale from the minimal delay that will result from a stay. If the First Circuit rejects the petition, only a matter of weeks will be lost. If, on the other hand, the First Circuit deems this issue important enough to decide on the merits (however it might ultimately resolve the issue), only a few months will pass. Grimsdale himself occasioned a similar delay by opposing MDL transfer instead of simply pressing his remand motion in this Court.

Second, a stay will avoid a morass of procedural and practical problems. What are the implications of a single case pending simultaneously in a federal circuit court and a lower state court? Is it even permissible? What if the First Circuit needs the record? Can it get it from the state court? *Cf. Strawn v. AT&T Mobility LLC*, 2:06-cv-00988 (S.D. W.V. November 9, 2007) (Docket No. 49) (letter from Fourth Circuit to district court withdrawing request for record because district court had returned file to state court).[1] If the First Circuit reverses, how would the file be returned to federal court? Would this Court simply request that the state court send it back? *See Spivey v. Vertrue, Inc.*, 3:07-cv-779 (S.D. Ill. June 16, 2008) (Docket No. 30) (letter to state court requesting return of file). What if the state court does not comply with such a request? Would the Court, in this age of duplicate electronic records, simply proceed as if the file had not been sent back to state court? *See Serrano v. 180 Connect, Inc.*, No. 3:06-cv-

---

[1] The cited dockets are available on PACER.

{W1235719.3}                                    2

1363 (N.D. Cal.) (proceeding without requesting return of file from state court).  What would happen to the state court action in that circumstance?  Would Defendant have to remove and seek MDL transfer again?  Would Grimsdale be permitted to oppose that removal?  Presumably for those reasons, courts routinely stay proceedings in these circumstances, *e.g.*, *Morgan v. Gay*, 3:06-cv-1371 (D. N.J. August 17, 2006) (Docket No. 26); *Ditolla v. Doral Dental IPA of New York, LLC*, 2:06-cv-762 (E.D. N.Y August 11, 2006) (Docket No. 13) (decision by Second Circuit staying case docketed in district court), or simply delay returning the file to state court until the appeal is resolved.  *See, e.g.*, *Pew v. Cardarelli*, 5:05-cv-01317 (N.D. N.Y.); *Weber v. Mobil Oil Corp.*, 5:05-cv-1175 (W.D. Ok.); *Smith v. Nationwide Prop. & Cas. Ins. Co.*, No. 2:06-cv-239 (E.D. Tenn.); *Preston v. Tenet Health Sys. Mem. Med. Ctr., Inc.*, No. 2:06-cv-3179 (E.D. La.); *Lowery v. Honeywell Int'l*, 2:06-cv-1370 (N.D. Ala.).

## ARGUMENT

A.     **THE COURT'S REMAND ORDER TURNS ON SERIOUS AND UNRESOLVED ISSUES OF CAFA INTERPRETATION THAT WILL EVADE REVIEW WITHOUT INTERLOCUTORY APPEAL.**

In construing the Home State Exception under 28 U.S.C. § 1332(d)(4)(B), the Court determined that, because "the Plaintiff is master of his pleadings," the Court must construe the term "all proposed plaintiff classes in the aggregate" as consisting solely of Florida citizens and the term "primary defendant" as consisting solely of Kash N' Karry Food Stores, Inc.  (Opinion at 4.)  Under that interpretation, in every case that otherwise would qualify under CAFA, plaintiffs can create a proliferation of "pick-off" class actions: each defendant can be sued both in the state of its incorporation and in the state

of its principal place of business on behalf of a class defined to include only the citizens of that same state.

CAFA does not define either of the statutory terms central to the Court's interpretation, and neither the Parties nor the Court cited any case interpreting those terms in this context. Thus, because this is seemingly an issue of first impression in the country, and because the Court's construction essentially swallows the CAFA rule, these issues should be resolved on appeal prior to continued development of this case. That is especially so given that, in the absence of interlocutory review, these questions would evade appellate review completely.[2]

## B. STAYING THE ACTION WILL CONSERVE JUDICIAL RESOURCES AND AVOID SIGNIFICANT JURISDICTIONAL QUESTIONS WITHOUT PREJUDICING GRIMSDALE.

Considerations of judicial economy outweigh the prejudice, if any, from the short delay of remand pending appeal. CAFA provides very short time frames for interlocutory review. A petition for leave to appeal must be filed within seven days,[3] and any opposition to the petition must be filed within seven days after that. *See* F.R.A.P. 5(b)(2). If leave is granted, the Court of Appeals must make a final determination of the

---

[2] Absent interlocutory review at this point in time, this case will be remanded to state court, where the issue whether the federal court properly declined its coordinate jurisdiction presumably would not be recognized as a ground for state-court appellate review. Nor would the federal jurisdictional question presumably be recognized as a ground for U.S. Supreme Court review of any final state court judgment.

[3] Section 1453(c)(1) requires an appeal of a remand order to be filed "not less than 7 days after entry of the order." Several circuits have interpreted the language to mean "not more than 7 days," *see, e.g.*, *Estate of Pew v. Cardarelli*, 527 F.3d 25, 31-33 (2d Cir. 2008); *Morgan v. Gay*, 466 F.3d 276, 277 (3d Cir. 2006); *Amalgamated Transit Union v. Laidlaw Transit Services, Inc.*, 435 F.3d 1140, 1146 (9th Cir. 2006), rehearing en banc denied, 448 F.3d 1092 (9th Cir. 2006) (Bybee, J., and five other judges dissenting); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1093 n. 2 (10th Cir. 2005); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1326 (11th Cir. 2006), but at least one circuit has interpreted the language literally, allowing an appeal that was filed more than seven days after entry of the order. *See Spivey v. Vertrue*, 528 F.3d 982 (7th Cir. 2008). The First Circuit has not indicated its position. One commentator has noted that the prudent course is to file on exactly the seventh business day. *See* McLaughlin on Class Actions § 12:3 at 12-39 (4th ed. 2007).

entire appeal within sixty days of granting leave to appeal, unless that time is extended by agreement of the parties or by no more than ten days for good cause shown. *See* 28 U.S.C. § 1453(c).

Any prejudice to Grimsdale from such a short delay is minimal. Should leave to appeal be denied, there will be almost no delay (indeed, the First Circuit may determine whether to grant leave prior to completion of briefing on this motion to stay). If leave is granted, the delay is likely to be less than ninety days, even assuming that Grimsdale ultimately prevails on the appeal. That slight delay is of no great moment to Grimsdale, who voluntarily incurred a delay of ninety-two days vainly trying to resist MDL transfer of this case. In light of these circumstances, any prejudice resulting from that delay is more than outweighed by the seriousness of the need for appellate review implicit in any grant of review, as well as by the waste of private and judicial resources that will be involved absent a stay.

Absent a stay and assuming a reversal, the First Circuit mandate would issue to this Court regarding a case that no longer was on the Court's docket. A First Circuit reversal would not necessarily be self-executing in the state court before which the case at that point would be pending. Accordingly, a First Circuit reversal could ultimately require that a new notice of removal be filed in Florida and a new MDL transfer be ordered to send the case back for consolidation in this Court. Moreover, Grimsdale might resist as untimely such a removal following a First Circuit ruling that his pleading states a removable case. *See* 28 U.S.C. § 1446(d) (setting 30 day deadline for remand unless "the case stated by the initial pleading is not removable"). While that argument would be incorrect, *see id.* (allowing removal within 30 days of receipt of an "order . . from which

it may first be ascertained that the case is one which is . . . removable"), it could very well layer another round of motion to remand briefing on top of a second removal and second MDL transfer – all of which can be avoided by granting the brief stay requested.

Under these circumstances, it is far preferable to take the period of time that CAFA expressly permits, and tightly restricts, to resolve finally here at the outset the question as to which court should hear this matter.

## **CONCLUSION**

For all the foregoing reasons, the Court should order that the District Court Clerk refrain from remanding this action to Florida State Court unless the Court of Appeals either denies leave to appeal from this Court's decision on the motion to remand or affirms that decision.


Dated: December 15, 2008           /s/ Clifford H. Ruprecht
                                   Clifford H. Ruprecht
                                   Gavin G. McCarthy
                                   Pierce Atwood LLP
                                   One Monument Square
                                   Portland, ME  04101
                                   (207) 791-1100
                                   cruprecht@pierceatwood.com

                                   *Counsel for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2008, I electronically filed the foregoing Motion to Stay Remand Order Pending Appeal with Incorporated Memorandum of Law with the Clerk of Court using the CM/ECF system which will cause an electronic notice to be sent to registered counsel of record.

/s/ Clifford H. Ruprecht
Clifford H. Ruprecht
Gavin G. McCarthy
Pierce Atwood LLP
One Monument Square
Portland, ME  04101
(207) 791-1100
cruprecht@pierceatwood.com

*Counsel for Defendant*