UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: HANNAFORD BROS. CO. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL Docket No. 2:08 MD-1954 ALL CASES |

PLAINTIFFS' PROPOSED FORM OF QUESTION
FOR CERTIFICATION TO MAINE SUPREME JUDICIAL COURT

Plaintiffs propose that the following question be certified to the Maine Supreme Judicial Court pursuant to this Court's Decision and Order of October 5, 2009:

Do time and effort spent in a reasonable effort to avert or remediate reasonably foreseeable harm constitute a cognizable injury under Maine common law?

As the Court can readily see, this question is virtually identical to the proposed question set forth in the Court's October 5 Decision. (Decision and Order, p. 15) The differences are 1) omission of the word "only" and 2) inclusion of the concept of remediation of foreseeable harm suffered as well as averting foreseeable future harm.

Plaintiffs suggest that the word "only" may unduly restrict the question to fact scenarios in which the only loss suffered by the plaintiffs is time and effort to remediate harm. The Amended Complaint does allege that certain of the Representative Plaintiffs were required to expend funds as well as time and effort to remove fraudulent charges from their accounts and to avert fraudulent charges to their accounts. See Amended Complaint ¶47, Merrill (overdraft fees); ¶46, LaMotte (overdraft fees); ¶ 41, Greely (overdraft fees). Although this Court has ruled that the funds expended are not recoverable, presumably such plaintiffs should not be any less entitled to recover for their time and effort than plaintiffs who were required to expend time and effort alone to remove or avert the charges. The word "only" does not seem to draw any legally

1

significant line. The question should be, "Is time and effort compensable?", regardless of whether it is accompanied by other forms of cognizable or uncognizable loss.

While the Court's proposed question is cast in terms of averting foreseeable harm, the same rationale applies to time and effort to remediate harm sustained. A plaintiff who has been required to expend time and effort seeking restoration of funds fraudulently removed from his debit card account should stand in the same position as the plaintiff who seeks to avoid having to pay a fraudulent charge to his credit card account.

The Restatement (Second) of Torts, §919, which has been cited repeatedly in support of the proposition that time and effort are recoverable, actually is aimed at the recoverability of both out of pocket expenditures and expenditures of time and effort to avert future loss occasioned by the negligence of another. The point of Example 2 in Comment b (the escaping pigs) is that the reasonably-incurred cost of preventing future harm from permanent loss of the pigs, including time and effort expended in trying to recapture them, can be recovered even if it turns out to be more than the value of the pigs. The example *assumes* that the cost of repairing harm already sustained, including the owner's time and effort reasonably expended for this purpose, is recoverable.

Acknowledging that the Maine Law Court has not yet spoken on the question of whether the value of time and effort expended either to repair harm sustained or avert harm threatened can be recovered, logic and the development of the law elsewhere suggest that they should be on the same footing as far as the question to the Law Court is concerned. See, e.g., *Kuhn v. Capital One Financial Corporation*, 855 N.E. 2d 790, 792 (Mass. Appeals Ct. 2006) ("value of time and effort in seeking to prevent or undo

the harm"); *EMC Mortgage Corporation v. Jones*, 252 S.W 3d 857 (Tex. App. 2008) (time and effort in attempt to correct problems caused by defendant's actionable conduct).

Plaintiffs agree with the Court that the question should be phrased at the level of abstraction and generality of the Court's proposal without attempting to confine the issue to specific fact scenarios. It is neither necessary nor appropriate to limit the question to time and effort expended to remove or avert fraudulent charges to an existing account as opposed to time and effort expended to remediate or avert other forms of harm suffered or threatened. Given the present posture and nature of this case, such specificity would unduly constrain this Court and the Court of Appeals in connection with ongoing consideration of this case.

This Court can apply the Maine Law Court's answer to the question to the forms of harm this Court considers appropriate as a matter of foreseeability and proximate cause. If this Court on reconsideration, or ultimately the Court of Appeals, determines that forms of harm other than actual fraudulent charges are potentially recoverable or compensable, then this Court will be able to use the Maine Law Court's answer to the relatively abstract question suggested above and apply it to such additional harms without the need to go back to the Law Court with another specific question.

Although at oral argument Plaintiff's counsel did not raise objection to Defendant's request, in the alternative, for certification of the "economic loss doctrine" question, the Court's analysis in its Decision and Order of October 5 seems clearly correct. If the Law Court answers the question of recoverability for time and effort in the negative, then the economic loss doctrine question is moot. If the Law Court answers in

3

the affirmative, however, the answer to the economic loss doctrine question would not dispose of the litigation in at least one alternative. Even if the Law Court extended the economic loss doctrine to the present claims in tort, that doctrine does not apply to contract claims. Indeed, it presupposes that a potential contract claim exists. The case would go forward regardless of the Law Court's answer to the economic loss question.

Any suggestion that the Maine Law Court might decide that time and effort would be recoverable under a tort theory but not under a theory of implied contract based on the same fact scenario is fanciful. There is nothing in Maine Law on these respective theories of liability that would suggest that recovery for time and effort in implied contract would be any less likely than in tort. This is not surprising, since the policy reasons for permitting, or not permitting consumers to recover for time and effort spent to remediate or avert harm are the same regardless of the theory of liability.

For the reasons set forth above, Plaintiffs respectfully request that the Court certify the question to the Maine Supreme Judicial Court in the form proposed above.

Dated: October 27, 2009

>Respectfully submitted,
>
>/s/ Peter L. Murray
>Peter L. Murray
>/s/ Thomas C. Newman
>Thomas C. Newman
>MURRAY, PLUMB & MURRAY
>75 Pearl Street
>Portland, ME 04101
>Phone: (207) 773-5651
>Fax: (207) 773-8023
>
>/s/ Lewis J. Saul
>Lewis J. Saul
>LEWIS SAUL & ASSOCIATES, P.C.

4

183 Middle Street, Suite 200
Portland, ME 04101
Phone: (207) 874-7407
Fax: (207) 874-4930

*Plaintiffs' Interim Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2009, I electronically filed the foregoing Memorandum in Reply to Defendant's Opposition to Plaintiffs' Motion for Reconsideration and Certification with the Clerk of Court using the CM/ECF system which will send electronic copies to all counsel of record.

                                                s/ Peter L. Murray
Peter L. Murray (Maine Bar No. 1135)
MURRAY, PLUMB & MURRAY
75 Pearl Street
Portland, ME 04101
Tel:   (207) 773-5651