UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN RE HANNAFORD BROS. CO.         )<br>    CUSTOMER DATA SECURITY        )<br>    BREACH LITIGATION                     ) | NO. 2:08-md-1954-DBH |

ORDER ON PLAINTIFFS' MOTIONS FOR RELIEF
FROM JUDGMENT AND AMEND THE COMPLAINT

The plaintiff Maureen C. Johnson's motion for relief from this court's judgment dated October 27, 2010, under Fed. R. Civ. P. 60(b) and to amend complaint to add her as a representative plaintiff under Rule 15(a) is **GRANTED**.

Judgment entered against all the plaintiffs in this case on October 27, 2010. Ms. Johnson was named in that judgment. Judgment (ECF No. 110). Thereafter some of the plaintiffs, not including Ms. Johnson, appealed to the First Circuit. The First Circuit affirmed in part and reversed in part on October 20, 2011. Anderson v. Hannaford Bros. Co., 659 F.3d 151 (1st Cir. 2011). As to the latter, it ruled that "financial losses are recoverable as mitigation damages so long as they are reasonable," referring to identity theft insurance and replacement card fees. Id. at 167. Ms. Johnson claims to have had such losses and now seeks to become a representative plaintiff in the putative class action that has been resurrected.

I conclude that Rule 60(b)(5) applies. My October 27, 2010, judgment was reversed. Rule 60(b)(5) permits relief from a judgment that "is based on an earlier judgment that has been reversed or vacated." Although Ms. Johnson did

1

not take an appeal, her claim makes her part of the group that gained relief from the First Circuit in this putative class action. There is no prejudice to the defendant from the delay. Her Rule 60(b) motion is within a reasonable time because the class is not yet certified. Her Rule 15(a) motion meets the standards of Rule 15(a)(2).

The motion to amend the Amended Consolidated Class Complaint to drop Thomas and Cyndi Cyr without prejudice is **DENIED**. According to the plaintiffs' reply, they are still awaiting documentation from the bank as to whether or not the Cyrs were actually charged fees. That may affect whether any dismissal of their claims should be with or without prejudice.

**SO ORDERED.**

**DATED THIS 24TH DAY OF MAY, 2012**

D. BROCK HORNBY_____<br>
**D. BROCK HORNBY**<br>
**UNITED STATES DISTRICT JUDGE**

2