UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HANNAFORD BROS. CO. CUSTOMER ) | **Case No.** |
| DATA SECURITY BREACH ) | 2:08-md-01954-DBH |
| LITIGATION ) | |
| ) | |

**STIPULATION OF DISMISSAL OF ALL CLAIMS**
**IN ALL CASES CONSOLIDATED IN MDL 1954**

Plaintiffs and Defendant Hannaford Bros. Co. ("Hannaford"), pursuant to Federal Rule of Civil Procedure 41(a)(1), hereby jointly request that all claims in all cases consolidated in MDL 1954 be dismissed with prejudice, without costs, and without right to appeal.

In 2008, various customers filed twenty-six civil actions against Hannaford for damages allegedly sustained as a result of a 2007-2008 criminal intrusion into Hannaford's computer networks. These actions were consolidated before this Court by the Judicial Panel on Multi-District Litigation: *Anderson*, 08-cv-223 (D. Me.), *Assner*, 08-cv-95 (D. Me.), *Boland*, 08-cv-239 (D. Me.), *Bradbury*, 08-cv-93 (D. Me.), *Courchene*, 08-cv-115 (D. Me.), *Dobryniewski*, 08-cv-187 (D. Me.), *Doherty*, 08-cv-89 (D. Me.), *Dowd*, 08-cv-237 (D. Me.), *Fischer*, 08-cv-98 (D. Me.), *Grittani*, 08-cv-110 (D. Me.), *Hurd*, 08-cv-188 (D. Me.), *Mason*, 08-cv-118 (D. Me.), *Meade*, 08-cv-240 (D. Me.), *Micalizzi*, 08-cv-94 (D. Me.), *Nenni*, 08-cv-190 (D. Me.), *Pyle*, 08-cv-104 (D. Me.), *Ryan*, 08-cv-00086 (D. Me.), *Stevens*, 08-cv-191 (D. Me.), *Termine*, 08-cv-

{W3724527.1}

112 (D. Me.), *Wyman*, 08-cv-111 (D. Me.), *Tushin*, 08-cv-103 (D. Me.), *Wheeler*, 08-cv-91 (D. Me.), *Zumba*, 08-cv-189 (D. Me.), *Zupan*, 08-cv-238 (D. Me.).[1]

By Order dated July 25, 2008, this Court appointed Interim Lead Counsel to "[n]egotiate and enter stipulations with defense counsel with respect to all matters in this litigation, including discovery, motion practice and settlement matters." The Order provides that "[a]n agreement reached with Interim Lead Counsel shall be binding on all other plaintiffs' counsel in these Consolidated Actions," and that Interim Lead Counsel has "sole authority over the following matters on behalf of all plaintiffs: (a) the initiation, response, scheduling, briefing and arguing of all motions; . . . (e) the timing and substance of any settlement negotiation with any defendant; and (f) other matters concerning the prosecution of the cases." Interim Lead Counsel could also "sign all pleadings, motions, briefs . . . and represent plaintiffs collectively before the Court." (Dkt. No. 22 at 5-6).

Pursuant to the Court's order (Dkt. No. 22), Interim Lead Counsel filed a consolidated complaint to govern the consolidated actions. (Dkt. No. 42). That complaint was filed in the name of 21 plaintiffs. (*Id.*) The Court decided a motion to dismiss in favor of Hannaford, and after Maine's Supreme Judicial Court answered certain certified questions, this Court entered an order requiring all plaintiffs to show cause why judgment should not be entered against them. (Dkt. No. 108). None tried to show cause, and on October 27, 2010, this Court ordered dismissal of the consolidated complaint and entered judgment by name against the 21 named plaintiffs in the consolidated amended complaint, as well as other plaintiffs named in previous complaints that had been consolidated into MDL 1954 (Dkt. No. 110).

---

[1] One action, *Bodyworks Health & Fitness*, 08-cv-224 (D. Me.), was voluntarily dismissed, and another, *Grimsdale*, 08-cv-346 (D. Me.), was transferred to Florida, where it was subsequently dismissed.

{W3724527.1}

An appeal was taken by the 21 named plaintiffs only. (Dkt. No. 111). The Court of Appeals for the First Circuit partially reversed the Court's dismissal and remanded as to the claims of only particular plaintiffs claiming specific alleged harms: payment of card replacement fees and payment of identity theft insurance premiums. *See Anderson v. Hannaford Bros. Co.*, 659 F.3d 151 (1st Cir. 2011).

On remand, Interim Lead Counsel filed an amended consolidated complaint in the name of five plaintiffs, who claimed to have suffered such harms. (Dkt. No. 124) The Court subsequently permitted amendment of the complaint and relief from its earlier judgment to allow a plaintiff who had not appealed to the First Circuit to participate as a plaintiff. (Dkt. No. 148). Two plaintiffs subsequently took a voluntary dismissal (Dkt. No. 150). The Court declined to certify the claims brought by the remaining four plaintiffs as class claims (Dkt. No. 172), and the Plaintiffs moved for reconsideration (Dkt. No. 173), which motion is not yet fully briefed.[2]

The parties now have agreed to settle their differences and to dismiss this consolidated action in its entirety.

While this action was prosecuted as a putative class action, no class has been certified at this time. Accordingly, Rule 23 does not require a fairness hearing or any other particular court approval. *See* Fed. R. Civ. P. 23(e), 41(a)(1). Moreover, by virtue of the Order appointing Interim Lead Counsel, the consolidation of the action, the prior dismissals and the fact that all named plaintiffs on the governing complaint agree to this stipulation, this dismissal is proper under Fed. R. Civ. P. 41(a)(1). Furthermore, Interim Lead Counsel represents that he has alerted all other counsel who have appeared for Plaintiffs in these

---

[2] In light of the parties' settlement negotiations, the time for the response to the Motion for Reconsideration has been extended numerous times by consent. (Dkt. Nos. 174, 176, 179, 180).

{W3724527.1}

actions, and none has voiced any objection[3] to Interim Lead Counsel's agreeing to dismissal of this action in its entirety, with prejudice and without costs.

Accordingly, Plaintiffs and Hannaford jointly request that the Court enter an order dismissing all claims in all cases consolidated in MDL 1954. Plaintiffs and Hannaford agree that the parties shall be responsible to bear their own respective costs. The parties further agree that Plaintiffs waive their right to appeal.

Dated: June 25, 2013.

/s/ Peter L. Murray

Peter L. Murray
MURRAY PLUMB & MURRAY
75 Pearl Street
P.O. Box 9785
Portland, ME 04104-5085
(207) 773-5651
pmurray@mpmlaw.com
*Interim Lead Counsel*

/s/ Lewis Saul

Lewis Saul
LEWIS SAUL & ASSOCIATES,
183 Middle Street
Suite 200
Portland, ME 04101
(207) 874-7407
lsaul@lewissaul.com
*Interim Lead Counsel*

/s/ Clifford H. Ruprecht
Clifford H. Ruprecht
ROACH RUPRECHT SANCHEZ &
BISCHOFF, P.C.
66 Pearl Street
Suite 200
Portland, ME 04101
(207) 747-4870
cruprecht@roachruprecht.com

*Counsel for Defendant Hannaford Bros. Co.*

---

[3] Hannaford contends that no person other than the remaining named plaintiffs and Hannaford would have any right to object to dismissal, but the issue apparently is moot.

{W3724527.1}

## CERTIFICATE OF SERVICE

      I hereby certify that on the date indicated below I caused a copy of the foregoing pleading to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.

DATED:  June 25, 2013

                                              /s/  Clifford H. Ruprecht
                                              Clifford H. Ruprecht
                                              ROACH RUPRECHT SANCHEZ &
                                              BISCHOFF, P.C.
                                              66 Pearl Street
                                              Suite 200
                                              Portland, ME 04101
                                              (207) 747-4870
                                              cruprecht@roachruprecht.com

                                              *Counsel for Defendant Hannaford Bros. Co.*

{W3724527.1}